UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MEHULDEEP SINGH MANN,**<br><br>      *Plaintiff*,<br><br>v.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** *et al.*,<br><br>      *Defendants.* | No. 22-cv-366 (FYP) |

**STANDING ORDER GOVERNING CIVIL CASES
BEFORE JUDGE FLORENCE Y. PAN**

This Standing Order applies to all cases assigned to the Civil Calendar of Judge Florence Y. Pan. It is the responsibility of the parties, counsel and the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding" in federal court. *See* Fed. R. Civ. P. 1. To ensure that this case is resolved fairly and without undue cost or delay, it is

**ORDERED** that all counsel and *pro se* litigants[1] must be familiar with both the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia;[2] and it is further

**ORDERED** that all counsel must comply with this Standing Order, including the attached Appendix. The Court will hold the parties and counsel responsible for following these directives; failure to conform to this Order may, when appropriate, result in the imposition of sanctions.

 

                                                                                      FLORENCE Y. PAN
                                                                                      United States District Judge

---

[1] Assistance for *pro se* litigants is available at https://www.dcd.uscourts.gov/pro-se-help.
[2] The Local Civil Rules are available at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

# APPENDIX TO STANDARD ORDER

1. **COMMUNICATIONS WITH THE COURT**

    (a) <u>Form</u>.  Communications with the Court should be in writing and only by written motion, opposition, and reply—not by letter or email.  *Ex parte* communication with Judge Pan (either directly or through her law clerks) is prohibited.  The parties should endeavor to keep communications with Chambers to a minimum.  If the parties need to contact Chambers, it must be done jointly pursuant to a conference call arranged by the parties.

    (b) <u>Status or Scheduling Inquiries</u>.  Oral inquiries concerning the status or scheduling of any pending matter are disfavored.  If counsel nevertheless needs to make such an oral inquiry, it shall be directed to the Courtroom Deputy, Ms. Alexa Whitney, (202) 354-3165.  If Ms. Whitney is unavailable, the inquiry shall be made to her designated substitute in the Clerk's Office.  Counsel shall follow Ms. Whitney's (or her substitute's) instructions.  In an **actual emergency**, parties may contact Chambers at (202) 354-3350.

    (c) <u>Assistance with CM/ECF</u>.  Chambers cannot assist with questions about CM/ECF.  Such inquiries should be made to the CM/ECF Help Line at (202) 354-3190.

2. **HEARINGS**

    (a) <u>Hearings and Conferences</u>.  All courtroom proceedings ordinarily will happen in Courtroom 12 of the E. Barrett Prettyman United States Courthouse, 333 Constitution Ave., NW, Washington, DC  20001.

    (b) <u>Rescheduling Hearings</u>.

      i)  Requests to reschedule hearings are discouraged.  Please see ¶ 8(i) of this Standing Order for instructions on filing motions to reschedule hearings.

      ii)  If the Court is closed or experiences a delayed opening, the Courtroom Deputy will reschedule any hearings as necessary.

    (c) <u>Appearances at Hearings</u>.  Principal trial counsel must appear at all hearings unless excused by the Court in advance.

3. **CONTACT INFORMATION**

    All counsel shall ensure that their phone number, current mailing address, and email address are correctly listed on the Court's docket.  *Pro se* parties shall ensure that their phone number, current mailing address, and email address are correctly listed on the Court's docket.  Any counsel or *pro se* party whose contact information changes while this case is pending should immediately file a notice with their updated information.  If

the Court is unable to contact counsel or a *pro se* party due to a failure to comply with this requirement, the Court may dismiss the action for failure to prosecute or take other appropriate action.

4. **SERVICE OF COMPLAINT AND STANDING ORDER**

   (a) <u>Service</u>.  The plaintiff(s) must promptly serve the complaint on the defendant(s), in accordance with Federal Rule of Civil Procedure 4; file proof of service, in accordance with Local Civil Rule 5.3; and ensure that all parties receive a copy of this Standing Order.  For *in forma pauperis* plaintiffs, "officers of the [C]ourt" will ensure that service on the defendant(s) is properly effected.  *See* 28 U.S.C. § 1915(d).  If the plaintiff fails to effectuate service as Rule 4 prescribes, the court may dismiss the action.

   (b) <u>Removed Action</u>.  A defendant removing an action to this Court must refile as a supplement to the petition any answer and must promptly ensure that all parties receive a copy of this Standing Order.  Any pending motion at the time of removal must be refiled in this Court by the party seeking relief for the motion to be considered.  *See* Fed. R. Civ. P. 81(c)(2).  Counsel for the plaintiff shall promptly enter her appearance before this Court.

   (c) <u>Disclosure Certificate</u>.  To facilitate the Court's determination of the need for recusal, in all civil or agency actions where a corporation is a party or intervenor, counsel of record for that party or intervenor shall file, in accordance with Federal Rule of Civil Procedure 7.1 and Local Civil Rules 7.1 and 26.1, a certificate listing for that party or intervenor any parent corporation, subsidiary or affiliate, which to the knowledge of counsel has any outstanding securities in the hands of the public, or any publicly held corporation owning 10% or more of its stock.  Such certificate shall be filed at the time of filing the party's first pleading.  Counsel shall have the continuing obligation to advise the Court of any change.

5. **FILING GUIDELINES**

   (a) <u>Amended Pleadings</u>.  Any amended pleadings shall be accompanied by a redline comparison of the original and amended pleading.

   (b) <u>Electronic Case Filing (ECF)</u>.

      i) <u>General Rule</u>.  All documents in this case are to be filed electronically through the Court's CM/ECF system, except with prior leave of the Court upon good cause shown, and in the case of the exceptions noted below.

      ii) <u>Format</u>. All electronically filed documents are to be in Portable Data Format (.pdf).  In order to enable the Court's efficient resolution of all matters in this case, all filings shall be submitted in text-searchable PDF files, directly converted from the word-processing format into PDF format

        in order to preserve searchability and readability. Exhibits that must be scanned because they exist only in paper format need not be directly converted from a word-processing program, but, if possible, should be submitted as text-searchable files using Optical Character Recognition ("OCR") technology, available in Adobe Acrobat.

    iii)    <u>Pro Se</u> Parties. In a case involving a *pro se* party, electronic filing procedures will be followed by parties represented by counsel only. Absent separate order of the Court, the party appearing *pro se* shall continue to file documents in paper form with the Clerk's Office. Parties represented by counsel must serve documents upon *pro se* parties in paper form. A *pro se* party, however, may obtain a CM/ECF password from the Clerk with leave of Court. To obtain leave of Court, the *pro se* party must file a written motion entitled "Motion for CM/ECF User Name and Password," describing the party's access to the internet, confirming the capacity to file documents and receive the filings of other parties electronically on a regular basis, and certifying that he or she either has successfully completed the entire Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts.

    iv)    <u>Sealed documents</u>. Instructions for filing sealed documents in non-sealed cases are available at http://dcd-dev.jdc.ao.dcn/sites/dcd/files/AttySealedCivilREVMay2014.pdf.

(c)    <u>Courtesy Copies</u>. The moving party **shall provide Chambers, not the Clerk's Office**, with two printed courtesy copies, with ECF headers, of any electronic submission that, along with exhibits, **numbers one hundred (100) pages or more in total length**. The courtesy copies shall be delivered at the time the reply is filed. In the case of cross-motions, the initial moving party shall provide courtesy copies of the full set of briefing. Such courtesy copies shall be in binders, three-hole punched, with double-sided pages. Exhibits shall be tabbed. If hand delivered, courtesy copies should be delivered to the loading dock (located near the corner of Third Street and C Street, N.W.) for screening and should not be delivered directly to chambers. If the parties have redacted or filed under seal any portion of the motion papers or attendant exhibits, courtesy copies are to be unredacted, but the portions redacted from public filings should be highlighted, so that the Court will know to refrain from quoting those passages in opinions and orders. *Pro se* parties are excused from complying with the courtesy-copy requirement.

6.    **DISCOVERY**

    (a)    <u>Discovery Material</u>. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

    (b)    <u>Discovery Disputes</u>. Counsel are referred to LCvR 26.2 and are expected to comply fully with its directives. Before bringing a discovery dispute to the

Court's attention, the parties shall confer in good faith in an attempt to resolve the dispute informally.  *See* Fed. R. Civ. P. 26(c), 37; LCvR 7(m).  If the parties are unable to resolve the dispute informally, they shall jointly email the Court (at Pan_Chambers@dcd.uscourts.gov), providing a clear, concise description of the issues in dispute and proposing dates and times for a teleconference to discuss those issues.  **Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel, and with leave of Court.**  Failure to comply with this requirement may result in any such motion being stricken.

7. **INITIAL SCHEDULING CONFERENCE AND SCHEDULING ORDER**

After an Answer is filed, for those cases covered by Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the Court will set an Initial Scheduling Conference and order the parties to meet and confer to discuss the matters set forth in Local Civil Rule 16.3(c), and to jointly file a report addressing them.  Following the Initial Scheduling Conference, the Court will issue a Scheduling Order governing further proceedings in the case.

8. **MOTIONS**

    (a) <u>Motions Generally</u>:  The parties shall comply with the following instructions when briefing any motion.  Motions filed not in compliance with this Standard Order may be rejected by the Court.

    i) <u>Length</u>.  Memoranda of points and authorities filed in support of or in opposition to any motion may not, without leave of the Court, exceed forty-five (45) pages, and reply memoranda may not exceed twenty-five (25) pages, with margins set at one inch and with all text double-spaced (excepting footnotes) and in twelve-point Times New Roman (including footnotes).

    ii) <u>Failure to Respond</u>.  Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court may treat the motion as conceded, except with respect to motions for summary judgment.  *See* LCvR 7(b); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505-08 (D.C. Cir. 2016) (citing Fed. R. Civ. P. 56(e)(3)).  Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009).

    iii) <u>Tables</u>.  Every memorandum of points and authorities that is ten pages or longer in length must contain a Table of Contents and Table of Authorities, regardless of whether it is filed in support of or in opposition to a motion.

  iv) <u>Signature</u>.  Every pleading or paper, regardless of whether it is signed by an attorney or a *pro se* party, shall contain the name, address, telephone number, and, for an attorney, bar identification number.  Where counsel is appearing *pro hac vice*, the signature block shall so indicate.

  v) <u>Sur-Replies</u>.  A party may not file a sur-reply without first obtaining leave of the Court.  Sur-replies will only be permitted upon a specific showing of good cause.

  vi) <u>Supplemental Authorities</u>.  A party may bring supplemental authorities to the Court's attention without seeking prior leave of the Court but should refrain from using the submission of supplemental authorities as an opportunity to reargue issues or to respond to arguments made in an opposing brief.  Although the submission of supplemental authorities should not be made by letter to the clerk, but rather in a pleading filed in the usual manner, the parties are otherwise directed to follow the procedures set forth in Federal Rule of Appellate Procedure 28(j).

(b) <u>Duty to Confer on Nondispositive Motions</u>.  The Court will summarily deny motions that are subject to LCvR 7(m) but do not contain the requisite statement that the parties have conferred and whether the motion is opposed.

(c) <u>Motions to Dismiss</u>

  (i) Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend a complaint, *inter alia*, within 21 days of the defendant's service of a motion to dismiss pursuant to Rule 12(b), (e) or (f).  Such a responsive amendment may avoid the need for the Court to decide the motion or may reduce the number of issues to be decided.  Plaintiffs therefore are directed to carefully consider arguments made in a motion to dismiss and to correct defects through an amended complaint, as appropriate.

  ii) The parties are reminded that a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c) presenting matters outside the pleadings will be converted to a motion for summary judgment if the Court does not exclude those matters.  Fed. R. Civ. P. 12(d).  If such a motion presents matters outside the pleadings, all parties must comply fully will the instructions set forth below regarding motions for summary judgment.

(d) <u>Pre-Motion Conference</u>.  If a party wishes to move for summary judgment, it must request that the Court schedule a pre-motion conference.  To so request, the moving party shall submit a short notice via ECF, not to exceed six double-spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards and the claims at issue.  Other parties shall respond by filing, within one week, a document of similar length setting forth their anticipated responses to the

proposed motion.  The Court will review and discuss with counsel any anticipated summary judgment motions at the pre-motion conference.  This requirement shall not apply to incarcerated *pro se* litigants.

(e) <u>Motions for Summary Judgment—Cases Involving Judicial Review of Agency Action</u>

　　i)　In accordance with Local Civil Rule 7(h)(2), each motion for summary judgment, and opposition thereto, shall include a statement of facts with references to the administrative record.  The parties must furnish precise citations to the portions of the administrative record on which they rely; the Court need not consider materials not specifically identified.  *See* Fed. R. Civ.. P. 56(c)(3).

　　ii)　In accordance with Local Civil Rule 7(n), the parties shall provide the Court with a joint appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of, or in opposition to, a motion for summary judgment.  If the joint appendix exceeds 100 pages, the parties shall provide two printed courtesy copies to chambers, as described above.

(f) <u>Motions for Summary Judgment—All Other Cases</u>

　　i)　Every motion for summary judgment and opposition to such motion must comply with LCvR 7(h), which requires that each party submitting a motion for summary judgment **attach a statement of material facts for which that party contends there is no genuine dispute**, with specific citations to those portions of the record upon which the party relies in fashioning the statement.  The party opposing the motion must, in turn, **submit a statement enumerating all material facts that the party contends are genuinely disputed** and thus require trial.  LCvR 7(h)(1).  The parties are strongly encouraged to review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of LCvR 7(h).

　　ii)　The moving party's statement of material facts shall be a short and concise statement, **in numbered paragraphs**, of all material facts as to which the moving party claims there is no genuine dispute.  The statement must contain **only one factual assertion in each numbered paragraph**, and each factual assertion must include a precise citation to the relevant portion of the record.

　　iii)　The party responding to a statement of material facts must (1) restate the movant's statement of undisputed material fact in numbered paragraphs, and (2) immediately following each numbered paragraph state the opponent's response to the stated fact.  If a paragraph is admitted only in

7

        part, the party must specifically identify which parts are admitted and which part are denied.

    iv)    If the responding party has additional facts that are not directly relevant to its response to any specific paragraph, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts.  **If such additional factual allegations are made, the movant must file a responsive statement of its own with its reply brief**.

    v)    If an opposition fails to include a separate concise statement of genuine disputed issues, or a response to the movant's statement of facts, or specific references to the parts of the record relied upon to support the statement or response, **the Court may treat as conceded any facts asserted in the movant's statement of facts**.

    vi)    The parties must furnish **precise citations** to the portions of the record on which they rely; the Court need not consider materials not specifically identified.  Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

(g)    <u>Motions for Reconsideration</u>.  Motions for reconsideration of prior rulings are discouraged.  Such motions shall be filed only when the requirements of Fed. R. Civ. P. 54(b), 59(e), and/or 60(b) are met.  Any such motion **shall not exceed ten (10) pages in length**.  Moreover, the Court will not entertain (a) motions that simply reassert arguments the party previously raised and the Court rejected, or (b) arguments that a party could have raised previously but now raises for the first time.

(h)    <u>Stipulations and Joint Motions for Protective Orders</u>.

    i)    If the parties desire for this Court to sign any stipulation or enter an order approving it, they must file a motion making that request.  The motion must explain why cause exists for the Court to approve the stipulation, and the parties must submit the text of the proposed stipulation as an attachment to the motion.

    ii)    Joint motions to approve stipulated protective orders must contain a statement of good cause.  *See* Fed. R. Civ. P. 26(c); *Klayman v. Judicial Watch, Inc.*, 247 F.R.D. 19, 23 (D.D.C. 2007).

(i)    <u>Motions for Extension of Time and Rescheduling of Hearings</u>

    i)    <u>Motion Required</u>.  Motions for extensions of time or to reschedule court hearings are strongly discouraged.  Counsel and parties should work within the time frames set by the Scheduling Order.  Extensions or enlargements of time will be granted only upon motion, and not upon stipulation by the parties.

    ii)    <u>Timing and Content</u>.  When good cause is shown, the Court will consider a motion for time extension or continuance of a proceeding that is filed **at least 3 business days prior** to the deadline and states:

        A. the original date of the deadline the motion is seeking to extend or the date of the scheduled hearing the motion is seeking to continue;
        B. the number of previous extensions of time or continuances granted to each party;
        C. the good cause supporting the motion, including specific grounds for the request;
        D. the effect, if any, that the granting of the motion will have on existing deadlines;
        E. a proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel;
        F. for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and
        G. the opposing party's position on the motion, including any reasons given for refusing to consent, *see* LCvR 7(m).

    iii)   <u>Opposition</u>.  A party opposing a motion for an extension of time or continuance of a scheduled hearing date must file, **by 5:00 PM of the business day after the motion is filed, the party's reasons for opposing the motion**.  If no such explanation is provided to the Court within this time frame, the motion shall be deemed conceded.  Informing the opposing party that the motion for an extension or continuance is opposed does not constitute an explanation to the Court.

    iv)   <u>Untimely motions</u>.  Untimely motions for an extension must contain an explanation for the failure to comply with the three-day rule.

(j)   <u>Citation</u>

Parties shall cite the U.S. Code rather than solely to a separately enumerated statute (e.g., "8 U.S.C. § 1182" or "8 U.S.C. § 1182, INA § 212" rather than "INA § 212").  Parties citing to unpublished cases or other materials available only on fee-based databases shall cite to Westlaw, not Lexis, wherever possible.  In cases involving *pro se* litigants, counsel shall, when serving a memorandum of law (or other submission to the Court), provide the *pro se* litigant with copies of cases or other authorities cited therein that are unpublished or reported exclusively on computerized databases.

All record citations, including to briefs, shall be to the **page number of the PDF file** that contains the cited material, not to any internal pagination within the document.  For previously filed materials, the parties must cite to the ECF-

       generated page numbers at the top of the documents (e.g., Dkt. 50 at 5).  For contemporaneously filed materials, each exhibit shall be filed as a separate exhibit on ECF and the parties shall cite to the page number of the relevant PDF file (e.g., Ex. B at 5).  If the document is organized by sections or numbered paragraphs, the parties shall provide the section or paragraph in a separate parenthetical (e.g., Dkt. 1 at 2 (Compl. ¶ 25)).  Absent leave of the Court, parties must file the entire exhibit on which they rely, not merely the portions the party deems relevant.

9. **ALTERNATIVE DISPUTE RESOLUTION**

Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time.  This includes a referral to the Circuit Executive's Office or to a Magistrate Judge.  The parties shall only request mediation, neutral evaluation, or referral to the Circuit Executive's Office or to a Magistrate Judge if all parties agree to such an assignment.

10. **SETTLEMENT**

If the case settles in whole or in part, Plaintiff shall promptly notify the Court of the settlement.

*   *   *